# Swift, Appellant, *v.* Harbison-Walker Refractories Company et al.

*Deeds—Habendum clause—Life estate—Contingent remainders—Sale under Price act—Petition—Jurisdiction.*

1. Under a deed which purports to vest a fee simple title in the grantee, but for a proviso in the habendum clause that in case grantee shall survive her husband the estate shall immediately vest in her children, and in case of no issue then her estate to be limited to a life estate with remainder after her death in the heirs at law of her husband, any interest the children may acquire under this deed is contingent during the lifetime of the husband and wife.

2. A petition presented to the common pleas under the Price act averring the execution and recording of such a deed to the mother, quoting the habendum, including the proviso of that deed, and setting forth that the purchase money of the sale, subject to the life estate of their mother, is to belong to the children then born and those that may thereafter be born, and that the deed is to convey a fee to the grantee, contains sufficient jurisdictional facts to authorize the court to decree a sale of the interests of the children.

*Sale—Real estate—Price act—Lapse of time—Presumption as to compliance with statutory provisions.*

3. A court taking jurisdiction under the Price act which imposes on it certain duties of investigation before making the decree of sale, will be assumed, after the expiration of more than a quarter of a century, in the absence of anything to the contrary being disclosed, to have performed those duties and to have required the petitioners to comply with the provisions of the statute before entering the decree.

Argued April 21, 1910. Appeals, Nos. 104 and 105, Jan. T., 1910, by plaintiffs, from decrees of C. P. Clearfield Co., Dec. T., 1907, Nos. 1 and 2, dismissing bills in equity in cases of Samuel Swift, next friend of Verda Clark et al., v. Harbison-Walker Refractories Company et al. and Ida Mary Swift and Lulu DeLeon v. Harbison-Walker Refractories Company et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for appointment of a receiver and an ac-

counting, and that plaintiffs be declared owners of an undivided interest in certain property.  Before SMITH, P. J.

Mary Lansberry, wife of Robert Lansberry, by deed dated November 22, 1872, conveyed to her daughter-in-law, Louisa Ella Lansberry, wife of Lorenzo Lansberry, sixty acres of land in Bradford township for the consideration of $1.00 and love and affection.  The habendum clause of the deed was as follows:

"To have and to hold the said described premises, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Louisa Ella Lansberry, her heirs and assigns to and for the only proper use and behoof of the said Louisa Ella Lansberry, her heirs and assigns forever. Provided, however, and it is part of the consideration for this conveyance, that in case the said Louisa Ella Lansberry should survive her said husband the above described estate is to immediately vest in her children that shall be the issue of her marriage, with her present husband, the said Lorenzo Lansberry, and in no collateral heirs of hers, and in case she should have no issue with her said husband then her estate in the same is to be limited to a life estate in her and after her decease shall vest in the heirs at law of her said husband. In any event the said Louisa Ella Lansberry is to have a life estate in said land."

At the time of the conveyance Louisa Ella Lansberry and Lorenzo Lansberry had had no children born to them. Since that date five children were born, Ida and Lulu, born in 1876, Verda, born January 26, 1884, Pearl, born December 16, 1888, and Paul, born March 13, 1891, all living at time of suit brought.

Some time prior to January 21, 1881, Reuben McPherson was appointed guardian of Ida and Lulu, then born and under fourteen years of age.  And on January 21, 1881, Reuben McPherson, together with Lorenzo and Louisa Ella Lansberry, as guardian, presented a petition to the court of common pleas of Clearfield county pray-

ing for authority to make a private sale of the tract in question. The court decreed the sale on January 21, 1881, and in pursuance of the decree a sale was made on January 24, 1881, to Jonathan Boynton in fee, under whom defendants claim.

*Error assigned* was dismissal of the bills.

*David L. Krebs* and *A. L. Cole,* with them *A. M. Liver-ight,* for appellants.—The estate vested in the children as soon as the first child was born and the court had then no right to decree a sale under the Price act: Keller v. Lees, 176 Pa. 402.

The deed of sale as decreed by the court was void as the petition for the sale contained no explanation of title, nor of the purpose to defeat the contingent remainders: Smith v. Townsend, 32 Pa. 434.

*Thomas H. Murray,* with him *James P. O'Laughlin* and *Hazard Alex. Murray,* for appellees.—By the Robert Lansberry deed Louisa Lansberry took a fee simple estate: Taylor v. Taylor, 63 Pa. 481; Fisher v. Wister, 154 Pa. 65; Snyder's App., 95 Pa. 174.

The contingent interest passed under the deed to Boynton under the Price act of 1853: Grenawalt's App., 37 Pa. 95; Reiff's App., 124 Pa. 145.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

We are all of opinion that the learned chancellor was right in dismissing the bills in these cases.

It is clear that aside from the proviso in the habendum clause, Louisa Ella Lansberry took a fee simple title in the real estate under the Robert Lansberry deed. The appellants claim under the proviso, but by its express terms they take no estate unless their mother, Louisa Ella Lansberry, "should survive her husband." As both Louisa and her husband were living at the time the bill was filed and are still living, it is difficult to see what

standing the appellants have to attack the appellees' title to the real estate in controversy. Be this as it may, however, and conceding that Louisa took a life estate by the deed of Robert Lansberry and wife, the interests of the children were contingent and were divested by the proceedings in the common pleas and the deed of January 24, 1881. The deed of Robert Lansberry and wife did not grant to Louisa Ella Lansberry a life estate with remainders in fee to the latter's children, but the interests of the children are, by the habendum proviso, expressly made contingent upon their mother surviving their father. In the event of such survivorship only, "the above described estate is to immediately vest in her children." If the children have any interest or estate in the premises, it was acquired by this clause of the proviso, and, therefore, the estate of the children depends upon the contingency of their mother surviving their father, and vests only on the happening of such contingency.

We do not think there is any merit in the contention that the petition presented to the common pleas under the Price act did not contain sufficient jurisdictional facts to authorize the court to decree a sale of the interests of the children in the real estate. The objection is that the petition does not set forth an explanation of the title and the intention to defeat the contingent remainders, as required by the proviso to the fifth section of the Act of April 18, 1853, P. L. 503, 4 Purd. 4024. But this view results from a misapprehension of the contents of the petition. It avers the execution and recording of the deed from Robert Lansberry and wife; quotes totidem verbis the habendum including the proviso under which the children acquire any interest or estate they may have; sets forth that the purchase money, subject to the life estate of their mother, is to belong to the children then born and those that may thereafter be born; and that the deed is to convey a fee simple estate to the grantee. We think this complies with the provisions of the

act of 1853, so far as the petition is required to set forth an explanation of the title and the intention to defeat the remainders. It would have been better had the averment of these facts been direct instead of being in the form in which they appear, but the petition leaves no doubt as to the title and the purpose of the parties in making the sale to bar the estate of the children. The power of the court on proper application to authorize the sale under the act of 1853, enlarged by the Act of June 14, 1897, P. L. 144, is unquestioned, and the former act specifically provides that the title of the purchaser "shall be unprejudiced by any error in the proceedings of the court." The court having jurisdiction and the act imposing on it certain duties of investigation before making the decree of sale, we must assume after the expiration of more than a quarter of a century, in the absence of anything to the contrary being disclosed, that it performed those duties and required the petitioners to comply with the provisions of the statute before the decree was entered. Omnia præsumuntur rite et solemniter esse acta, donec probetur in contrarium. We think the petition is sufficient to confer jurisdiction on the common pleas, and that the deed of January 24, 1881, conveyed a fee simple title to the purchaser.

Both appeals are dismissed at the costs of the appellants.